Jacobi Broshawn Thornsberry
SID# 21598022
Oregon State Penitentiary
2605 State Street
Salem, Oregon 97310
Telephone: None
      Plaintiff, *pro se*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF**

**OREGON**

Jacobi Broshawn Thornsberry

      Plaintiff,

vs.

Dr. Warren Roberts; Heidi Miller; Katie Miller; Karen Gandler; Dr. Harris; Carrie Coffey; Sabrina McCain; Samantha Bailey; sued in their individual capacities and official capacities;

Defendants.

Case No. 6:24-cv-00508-YY

(Verified complaint)
CIVIL RIGHTS COMPLAINT
42 USC § 1983

(Jury trial Demanded)

## I. Introduction

This is a civil rights action filed by Plaintiff Jacobi Broshawn Thornsberry, a state prisoner. Pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the acts and omissions of the defendants have subjected, and continue to subject him to violations of the eighth amendment and fourteenth amendment of The

United States Constitution. Based on being deliberate indifferent to a serious medical need that has not been treated in a timely, and proper manner. Failure to carry out medical orders. Denial of timely access to an orthopedic specialist capable of assessing, diagnosing, and creating a treatment plan for the plaintiff's injury resulting in muscular atrophy. Which can cause permanent disability and/or would lessen plaintiffs' chance for recovery. Which subjected the plaintiff to further complications, and recurring pain or discomfort in the plaintiff's injury. This deliberate act by the defendants was a conscious disregard that created a significant risk of permanent damage to the plaintiff. Plaintiff seeks monetary damages to be determined, declaratory judgement and injunctive relief. Plaintiff requests a trial by jury and seeks an award of reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

## II.     Jurisdiction & Venue

This court has jurisdiction over plaintiffs' claims of violation pursuant to 28 U.S.C. §1331 in that this is a civil action arising under the constitution of the United States.

Jurisdiction of the court is invoked pursuant to 28 U.S.C. §1343(a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights secured by Acts of Congress providing for equal rights of persons within the jurisdiction of the United states.

Venue is properly before this Court pursuant to 28 U.S.C. § 1391(b), in

that one or more of the defendants reside in the District of Oregon and Plaintiff's claims for relief arose in this district.

### III.  Parties

Plaintiff: Jacobi B. Thornsberry, at all-time herein mention is housed at the Oregon State Penitentiary (OSP), at 2605 State Street, Salem, Marion County, Oregon 97310.

Defendant: Heidi Miller was at all times relevant at (OSP) as in charge of, *inter alia*, as a medical staff member who is also the Plaintiffs' main health provider here at the prison. She is directly involved in the acts and omissions alleged herein and is sued in her individual capacities, and also official capacities while under color of law.

Defendant: Katie Miller was at all times relevant at (OSP) as in charge of, *inter alia*, as a medical staff member who is a Registered Nurse (RN) here at (OSP). She is directly involved in the acts and omissions alleged herein and is sued in her individual capacities, and also official capacities while under color of law.

Defendant: Karen Gandler was at all times relevant at (OSP) as in charge of, *inter alia*, as a medical staff member who is a Registered Nurse (RN) here at (OSP). She is directly involved in the acts and omissions alleged herein and is sued in her individual capacities, and also official capacities while under color of law.

Defendant: Dr. Harris was at all times relevant at (OSP) as in charge of, *inter alia,* a medical staff member who ordered the surgery for the Plaintiff on June 1, 2023. She is directly involved in the acts and omissions alleged herein and is sued in her own individual capacities, and also official capacities while under color of law.

Defendant: Dr. Warren Roberts, M.D. was at all times relevant at (OSP) as in charge of, *inter alia,* the medical director and is sued in his individual capacity, and also official capacity while under color of law. His office is located in Salem, Oregon.

Defendant: Carrie Coffey was at all times relevant at (OSP) as in charge of, *inter alia,* as a medical supervisor who is also a Registered Nurse (RN) here at (OSP). She is directly involved in the acts and omissions alleged herein and is sued in her own individual capacities, and also official capacities while under color of law.

Defendant: Sabrina McCain was at all times relevant at (OSP) as in charge of, *inter alia,* a medical staff member who is a Registered Nurse (RN) here at (OSP). She is directly involved in the acts and omissions alleged herein and is sued in her own individual capacities, and also official capacities while under color of law.

Defendant: Samantha Bailey was at all times relevant at (OSP) as in charge of, *inter alia,* a medical staff member who is a Registered Nurse (RN) here at

(OSP). She is directly involved in the acts and omissions alleged herein and is sued in her own individual capacities, and also official capacities while under color of law.

## IV. Exhaustion of Available Remedies

The plaintiff filed a grievance #OSP-2023-09-022 that lead to this complaint. Plaintiff has exhausted all of his administrative remedies, including grievances and Tort Notices, that he, in good faith believes were and are effectively available to him, and has done so in appropriate time frames, and manners necessary to meet Prison Litigation Reform Act rules.

## V. Factual Statement

(a) The Plaintiff suffered a Ruptured Achilles injury to the right leg on May 30, 2023.

(b) On May 30, 2023 the Plaintiff was then taken to the OSP medical unit to get the injury looked at. The (OSP) medical personnel did an x-ray on the Plaintiffs injury. The medical staff gave the Plaintiff a leg brace, and a wheel chair due to the Plaintiff not being able to walk.

(c) The Plaintiff was then taken to the emergency room at Salem Health Hospital on May 31, 2023. To get an outside medical opinion on the Plaintiffs' injury. While at the emergency room Linda Morrison (M.D.) confirmed the injury to be a Ruptured Achilles.

(d) The medical personnel then put a splint or otherwise a hard cast around the injury to protect it. Then ordered the Plaintiff to not put any weight on it, keep the injury dry and clean, and also to follow up with Hope Orthopedics to arrange a surgery consultation after 1-2 weeks. A patient label was made by Heidi Miller on June 7, 2023 for the Plaintiff.

(e) The TLC Committee here at (OSP) medical approved Plaintiff for surgery. The surgery was then ordered by Dr. Harris on June 1, 2023 with Hope Orthopedics. To repair the Plaintiffs injury in a timely manner.

(f) Plaintiff sent a kyte to medical to confirm that the surgery was approved, and to renew the pain medication for Plaintiff's injury. That kyte was sent June 13, 2023 and signed by Sabrina McCain informing Plaintiff of the approval.

(g) Plaintiff sent a kyte to medical on June 27, 2023. Requesting to get his foot re-wrapped because Plaintiff got the wrapping on his leg wet. Due to medicals lack of participation in the level of care for Plaintiff's injury. Plaintiff caught fungus between his toes, and was proscribed anti-fungal cream. Plaintiff also asked how long it will take for him to receive his surgery, and informing medical of the pain he is dealing with from the injury. The kyte was signed by Karen Gandler and Katie Miller informing Plaintiff that an appointment with Hope Orthopedics has yet to be scheduled.

(h) Plaintiff sent a kyte to medical on July 25, 2023. Asking if any

progress has been made with the scheduling for the Plaintiffs' injury to get repaired. The kyte was sent back to Plaintiff signed by Karen Gandler and Katie Miller. Stating Plaintiff's referral was sent to hope orthopedics, and their scheduler has yet to provide them with an appointment.

(i) On August 28, 2023 the Plaintiff sent a kyte to medical voicing his concern for his medical injury due to the defendants' deliberate indifference to Plaintiffs' injury. Plaintiff also requested to see his medical provider Heidi Miller to get an understanding about his injury. The kyte was sent back signed by Sabrina McCain. Stating that Hope Orthopedics has yet to provide them with a scheduled date, and also Plaintiff has been scheduled to see provider Heidi Miller.

(j) Plaintiff filed his original grievance on September 4, 2023. Informing prison personnel that Plaintiff has been diligently, and adamantly seeking medical assistance for his ruptured Achilles injury sustained months ago.

(k) Plaintiff sent a kyte to medical September 26, 2023. Asking if he has been scheduled with Hope Orthopedics for his surgery, and also if he is scheduled to see his provider Heidi Miller.

(l) Samantha Bailey and Carrey Coffey issued a response to the Plaintiff regarding his grievance on September 29, 2023. The response informed the Plaintiff that surgery was ordered by Dr. Harris on June 1, 2023. They also stated that they were in contact with the outside trip scheduler, and Hope Orthopedics. Confirming that a surgery date was agreed upon and scheduled.

They couldn't inform Plaintiff when it will be due to security reasons, but nonetheless the surgery was confirmed.

(m) Plaintiff filed an appeal to the grievance which was sent October 2, 2023. Saying their response wasn't adequate, and Plaintiff still hasn't received medical attention at all.

(n) Plaintiff sent a kyte to medical on October 6, 2023 requesting to see his provider Heidi Miller. This was the third kyte Plaintiff sent requesting to see his provider.

(o) Plaintiff was finally taken to his first outside medical trip to Hope Orthopedics October 11, 2023. Which was 134 days after Plaintiff sustained his injury. When Plaintiff arrived, the doctor told Plaintiff that its nothing he could do for the Plaintiff due to the injury healing overtime. The doctor stated that the only thing he could do is recommend an MRI, and also physical therapy to help strengthen the injury. Even though there is a high probability that the Plaintiff's injury could rupture again due to the deliberate actions by the defendants.

(p) On October 17, 2023 the Plaintiff filed a formal Notice of Tort with the Oregon Department of Administrative Services Risk Management in Salem, Oregon. Pursuant to (O.R.S 30.275). To preserve his medical issues. Plaintiff received a letter from the Oregon Department of Administrative Services Custody Claims Unit acknowledging his notice on October 23, 2023. Plaintiff was then issued a claim number.

(q) Plaintiff sent a kyte to medical on October 22, 2023. Asking if his MRI was scheduled soon, and also to see his medical provider Heidi Miller.

(r) Plaintiff sent a kyte to medical October 31, 2023 requesting to see his provider Heidi Miller, and also if his MRI appointment has been scheduled.

(s) Plaintiff received a response letter from Dr. Warren Roberts on November 2, 2023. The letter stated that he was apologetic if the Plaintiff felt that his appointments were not in a timely manner, and that the Plaintiff has an upcoming appointment to discuss his plan of care with provider.

(t) Plaintiff filed an appeal to the grievance response by Dr. Warren Roberts on November 6, 2023.

(u) Plaintiff finally got to see his medical provider Heidi Miller in person on November 9, 2023 at 8:45am. Heidi informed Plaintiff that the MRI has been ordered, and physical therapy has been ordered for in-person sessions here at (OSP).

(v) Plaintiff was taken to an outside medical appointment on November 22, 2023 for his MRI on his Achilles rupture.

(w) Plaintiff sent a kyte to medical on December 6, 2023. Asking if Plaintiff was still going to have physical therapy. Sabrina McCain sent the kyte back informing Plaintiff to check back within 7-10 days.

(x) Plaintiff was taken to Hope Orthopedics for an appointment to discuss a plan of action moving forward on December 7, 2023 at 1:45pm. The

doctor told Plaintiff that he wasn't going to do surgery due to the injury healing overtime. The doctor ordered Plaintiff to do physical therapy again, and was given an ankle brace to help Plaintiff walk better. The doctor also stated that the Plaintiffs Achilles is thicker than normal, and the lump on the back of the Plaintiffs' leg is built up scar tissue from the injury healing overtime. Plaintiff was also told to expect 6-9 months for recovery.

(y) Plaintiff received a response letter for his grievance on December 14, 2023. By Joe Bugher who is the Assistant Director of Health Services for the Oregon Department of Corrections. The letter stated that he supports the medical opinion of Dr. Warren Roberts. He also informed Plaintiff that this letter will conclude the grievance review process for this matter.

(z) Plaintiff sent a kyte December 31, 2023 asking when his physical therapy will start. Plaintiff also informed medical of the recurring pain that he is experiencing. A response was sent by Sabrina McCain telling Plaintiff to watch call outs.

## VI.  Conclusion

Heidi Miller, Katie Miller, Dr. Harris, Karen Gandler, Dr. Warren Roberts, Carrie Coffey, Sabrina McCain, and Samantha Bailey. Were all deliberately indifferent to the serious medical needs of the Plaintiff. The Plaintiff has been sending medical kytes, and going to medical triage line every morning. Seeking

help to get his injury repaired. There is no reason as to why the Plaintiff didn't receive surgery. Which was ordered by Dr. Harris, and confirmed by medical supervisor Carrie Coffey, and (RN) Samantha bailey. The Plaintiff's main medical provider Heidi Miller was aware of the serious circumstances from the beginning. She was deliberately indifferent as to if Plaintiff got surgery or not. Katie Miller and Karen Gandler was aware of the excessive risk that the Plaintiff was under if surgery wasn't performed. They could've notified the correct personnel to make sure Plaintiff was seen in a timely manner, but were deliberately indifferent to the medical care of the Plaintiff. Sabrina McCain was aware of Plaintiff's injury, and urgent need for medical surgery. The Plaintiff conversed with her personally as to the urgency of the surgical procedure needed to repair Plaintiff's injury. She was deliberately indifferent as to if anything got done at all. Her response would be "they were waiting on the scheduling of appointments". Which has been the main excuse used by all named defendants. Dr. Warren Roberts is the Director of Health Services here at (OSP) where the Plaintiff is housed. Dr. Roberts has been aware of the deficiencies that medical has been dealing with for years. Dr. Roberts has to approve all medically needed surgeries for all Adults in Custody (AIC) here at (OSP). He was aware that the Plaintiff sustained an injury that needed immediate attention. Dr. Roberts was deliberately indifferent due to the fact he could've fast tracked Plaintiff to get seen for surgery. Instead Dr. Roberts chose to consciously disregard the

seriousness of Plaintiff's injury. Which the Plaintiff is still suffering from. Instead of getting Plaintiff to surgery in a timely manner. All defendants chose to let the Plaintiff's injury heal as to not have to provide surgery for Plaintiff. The defendants knowingly chose this course of treatment in conscious disregard of an excessive risk to the Plaintiff's health. The defendants had ample time to correct their obviously wrongful conduct. The Plaintiff sustained a serious medical injury. So, the need for medical treatment was obvious. This untreated injury has had a significant effect on the Plaintiff's daily activities. Resulting in substantial recurring pain, discomfort, and a high probability that the Plaintiff can re-rupture his Achilles again. Due to the deliberate actions, and lack of medical care provided by all the above-named defendants.

## VII.   Relief Requested

For the deliberate indifference claim the plaintiff is seeking $250,000.00 US dollars from each of the individual defendants. Heidi Miller, Katie Miller, Dr. Harris, Karen Gandler, Dr. Warren Roberts, Carrie Coffey, Sabrina McCain, and Samantha Bailey. A sum of $2 million US dollars. The plaintiff is also seeking medical care to repair the injury, and anything else needed to help plaintiff get back healthy.

## VIII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff request that the court grant the following relief:

A. Declare that defendant Heidi Miller violated plaintiffs eighth and fourteenth amendment right to medical care, denial of timely access to medical care, delay of access to medical personnel, and failure to carry out medical orders;

B. Declare that defendant Katie Miller violated plaintiffs eighth and fourteenth amendment right to medical care, denial of timely access to medical care, delay of access to medical personnel, and failure to carry out medical orders;

C. Declare that defendant Dr. Harris violated plaintiffs eighth and fourteenth amendment right to medical care, denial of timely access to medical care, delay of access to medical personnel, and failure to carry out medical orders;

D. Declare that defendant Karen Gandler violated plaintiffs eighth and fourteenth amendment right to medical care, denial of timely access to medical care, delay of access to medical personnel, and failure to carry out medical orders;

E. Declare that defendant Dr. Warren Roberts violated plaintiffs eighth and fourteenth amendment right to medical care, denial of timely access to medical care, delay of access to medical personnel, and failure to carry

out medical orders;

F. Declare that defendant Carrie Coffey violated plaintiffs eighth and fourteenth amendment right to medical care, denial of timely access to medical care, delay of access to medical personnel, and failure to carry out medical orders;

G. Declare that defendant Sabrina McCain violated plaintiffs eighth and fourteenth amendment right to medical care, denial of timely access to medical care, delay of access to medical personnel, and failure to carry out medical orders;

H. Declare that defendant Samantha bailey violated plaintiffs eighth and fourteenth amendment right to medical care, denial of timely access to medical care, delay of access to medical personnel, and failure to carry out medical orders;

I. Issue an injunction requiring that all named defendants provide medical care to repair injury, and to give plaintiff physical therapy as ordered by the outside doctor;

J. Award compensatory damages and non-economic compensatory damages for plaintiffs' physical injuries, and emotional injuries;

K. Award punitive damages against each defendant; and

L. Grant plaintiff such other relief as is equitable and just, and a jury trial on

all issues triable by jury.

DATED this 20th day of March, 2024.

Respectfully submitted,

*[signature]*

Jacobi Broshawn Thornsberry
Plaintiff, *pro se*

**Pursuant to 28 U.S.C. § 1746(2), I hereby verify and declare under penalty of perjury that the foregoing is true and correct.**

DATED this 20th day of March, 2024.

*[signature]*

Jacobi Broshawn Thornsberry

Institution: O.S.P
Name: Thornsberry, J  SID: 21595022
Address: 2605 State St.
City: Salem, Oregon ZIP 97310

LEGAL MAIL

PRIORITY LEGAL

Clerk of the Court
United States Court - Oregon
740 United States Court House
1000 S.W. Third Avenue
Portland, Oregon 97204

PRIORITY LEGAL

Postage Paid